United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADAM CONTRERAS, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>DAVID WILSON, ET AL., §<br>*Defendants.* § | CIVIL ACTION NO. 4:22-CV-4015 |

## MEMORANDUM AND RECOMMENDATION

On November 16, 2022, Plaintiff filed an incomprehensible document comprised of a "Complaint for the Conversion of Property," against too many Defendants to list here, including James Madison, Joe Biden, and Donald J. Trump; a "Complaint of Judicial Misconduct or Disability" against numerous defendants, including members of the Select Committee to Investigate the January 6th Attack on the United States Capitol; a "Complaint for a Civil Case Alleging Negligence," against many of the previously named defendants and others, including Volodymr Zelensky; a "Warrant for the Arrest of a Witness or Material Witness in a Pending Criminal Case" seeking the arrest of David Wilson and Melissa Wilson; and a copy of Official Bankruptcy Form 314 "Class [ ] Ballot for Accepting or Rejecting Plan of Reorganization."[1]  ECF 1.  The Court granted Plaintiff's application to proceed in forma pauperis.  *Id.*  Plaintiff has not provided any information that would permit the Clerk to issue a summons and direct service by the U.S. Marshal as provided under 28 U.S.C. § 1915(d).  Having reviewed the Complaint, the Court RECOMMENDS that this case be dismissed without prejudice because it fails to allege any basis for subject matter jurisdiction.[2]

The court possesses the inherent authority to dismiss an action sua sponte without motion

---

[1] Plaintiff has filed multiple similar cases in recent months.  *See, e.g., Contreras v. Wilson*, Civil Action Nos. 4:22-cv-3908; 4:22-cv-4017; 4:22-cv-4028; 4:22-cv-4029; 4:22-cv-4031; 4:22-cv-4102; 4:22-cv-4131; 4:22-cv-4132.

[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

by a defendant as long as the procedure is fair. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss sua sponte for failure to state a claim as long as the procedure employed is fair). Generally, the sua sponte dismissal procedure is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021). The procedure for sua sponte dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention and Plaintiff has 14 days to file an objection and explain why his case should be allowed to proceed. *See Anokwuru*, 990 F.3d at 967 (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have an affirmative duty to examine sua sponte the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Plaintiff's pleading fails to establish a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331 governing federal question jurisdiction or 28 U.S.C. § 1333 governing diversity of citizenship jurisdiction. His pleadings are filed, in part, on forms developed by the United States District Courts for use in cases based on diversity jurisdiction. *See* ECF 1 at 1, 8. In addition, under the Rule 7 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, a Complaint of Judicial Misconduct or Disability should be filed in the Circuit Court. Also, Plaintiff does not reference any pending Bankruptcy case or plan to which the attached Ballot for Accepting or Rejection Bankruptcy Plan of Reorganization applies.

Moreover, when a plaintiff's claims are entirely frivolous, the district court lacks power to entertain them. *Atakapa Indian de Creole Nation v. State of Louisiana*, 943 F.3d 1004, 1006 (5th

Cir. 2019). "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Id*. (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Thus, this court has no power to adjudicate a claim that is "wholly insubstantial and frivolous," that is, a claim that is "obviously without merit." *Atakapa*, 943 F.3d at 1006. Dismissal of a case for lack of subject matter jurisdiction is without prejudice. *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017). Given the nature and character of Plaintiff's pleading, granting Plaintiff leave to amend to adequately plead jurisdiction would be futile and is denied.

For all of the above reasons, the Court RECOMMENDS that the this case be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 17, 2023, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge